IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARUFJON ASATULLOEV, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-1229
:
    v. : Hon. John E. Jones III
:
:
ERIC HOLDER, *et al.*, :
:
    Respondents :

## **MEMORANDUM**

August 1, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On June 29, 2011, Petitioner Marufjon Asatulloev ("Petitioner" or "Asatulloev"), a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who was confined at the Pike County Correctional Facility in Lords Valley, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1.) Asatulloev challenged his continued detention by ICE under *Zadvydas v. Davis*, 533 U.S. 678 (2001) pending his removal from the United States, and he sought his immediate release from custody under reasonable conditions of supervision.

By Order dated July 6, 2011, we directed service of the Petition on Respondents and directed Respondents to file an answer to the Petition within twenty-one (21) days. (Doc. 5.) On July 27, 2011, Respondents filed a Suggestion of Mootness indicating that, on July 25, 2011, Asatulloev was removed from the United States. (Doc. 7 at 2; Doc. 7-1, EARM Case Summary.)

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects."

*Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales*, 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because Asatulloev has been removed from the United States, his request for release from ICE custody pending the completion of removal proceedings is entirely moot, and the dismissal of his Petition as moot is appropriate. An appropriate Order will enter.